IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,950-01






EX PARTE KENT WILLIAM SPROUSE








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 26824CR/A IN THE 40
TH JUDICIAL DISTRICT COURT


ELLIS COUNTY






 Per Curiam. 


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On February 26, 2004, a jury convicted applicant of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure article 37.071, and the trial court, accordingly, set punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Sprouse v. State, No.
AP-74,933 (Tex. Crim. App. Jan. 31, 2007)(not designated for publication).

 Applicant presents twelve allegations in his application in which he challenges the
validity of his conviction and resulting sentence. Although an evidentiary hearing was not
held, the trial judge entered findings of fact and conclusions of law. The trial court
recommended that relief be denied.

 In his second allegation, applicant asserts that his "trial counsel was ineffective for
failing to zealously and repeatedly request sufficient funds for adequate expert assistance." 
In an affidavit provided for the purpose of habeas, counsel stated that they did not pursue
additional funding because their previous request had been denied. Presuming that no
further request would be granted, "counsel did the best we could with the funding we were
given." Applicant contends that such a presumption on counsels' part amounts to deficient
conduct and implies that applicant may not have received the tools or representation
necessary to present his defense. See generally, Ake v. Oklahoma, 470 U.S. 68 (1985),
and Wiggins v. Smith, 539 U.S. 510 (2003). 

 On habeas, applicant attempts to prove that this conduct was prejudicial by asking the
court to hire or approve funds to hire an expert who would provide psychiatric assistance
and could evaluate what additional assistance could have been provided had counsel pursued
additional funding. The trial court denied the funding because (1) trial counsel did not
request a consulting expert at trial, (2) applicant was given an expert at trial and no request
was made to fund that expert further, and (3) the court was not advised at trial that
applicant's expert was not available for as much consultation as applicant thought
necessary.

 In his tenth allegation, applicant claims that his trial counsel was ineffective for
failing to adequately develop and present mitigating evidence in violation of his Sixth
Amendment right to counsel. See generally, Wiggins v. Smith, 539 U.S. 510 (2003). In
an effort to show that trial counsel relied solely on his insanity defense for mitigation and,
therefore, failed to adequately investigate and develop any other mitigating evidence,
applicant requested the habeas court provide a mitigation specialist and an addiction
specialist. The court denied both requests. With regard to the motion for a mitigation
specialist, the court found (1) that the request was excessive, (2) that the information
sought was readily available from the trial attorneys and experts hired at trial, and (3) was
duplicitous of information previously obtained. With regard to the motion for an addiction
specialist (a medical doctor), the court found (1) that the effects of drug addiction are
common knowledge, and (2) there was no reasonable expectation that drug addiction would
be taken as a mitigating factor.

 Article 11.071 §§ 3(c) and 3(d) provide that a trial court shall grant prepayment or
reimbursement requests for investigative and expert expenses that are "timely and
reasonable" or "reasonably necessary and reasonably incurred." Because the investigation
of claims on habeas will likely involve matters outside of the trial record, especially when
an allegation implies an inadequacy at trial, requests for expenses should be evaluated based
upon what an applicant reasonably believes he can discover with that assistance, not on what
occurred at trial. The reasons given by the habeas judge in each instance are based solely
upon the existing trial record and do not consider the nature and purpose of habeas
investigations and expert assistance. Thus, those rulings amount to an abuse of discretion
and violate the intent of Article 11.071. 

 Allegations two and ten are remanded to the trial court for that court to reconsider
applicant's requests for assistance in a manner consistent with this order. The court has
thirty days from the date this order is issued to comply with this order, and it shall notify
this Court of its decision(s) in writing within fifteen days of making its determination. 
Upon reevaluation, should the court determine that any of the requests for assistance be
granted, applicant will have 120 days to supplement his application. The State will then
have 120 days after applicant files his supplement with the trial court to file a supplemental
answer. The court will make additional findings and conclusions within thirty days of the
filing of the State's supplemental answer and will order the clerk to forward the entire
supplemental record to this Court within fifteen days of the date the court make its
additional findings. 

 IT IS SO ORDERED THIS THE 27TH DAY OF JUNE, 2007.


Do Not Publish